IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILVIO DELL ANGELA, et al.,

      Plaintiffs,

v.                                                      1:15-cv-01048-WJ-LF

CITY OF ALBUQUERQUE, et al.,

      Defendants.

### ORDER TO SHOW CAUSE

THIS MATTER was set for a telephonic status conference on January 11, 2016, at 2:00 p.m. Plaintiff Antoine Pirard did not attend. Doc. 23. Instead, Mr. Pirard emphatically and erroneously stated that I no longer am assigned to the case and do not have the authority to set status conferences. Doc. 17. I reset the telephonic status conference for January 21, 2016, at 10:00 a.m. Doc 24. The following day, Mr. Pirard filed a "Notice of Cancellation of Telephone Conference," asserting once again that I have no authority to set status conferences. Doc. 25. I then ordered the parties to appear for the January 21, 2016 status conference in person. Doc. 27. The day before the hearing, Mr. Pirard filed a "Notice of Cancellation of Telephone Conference," again denying my authority to set the conference and notifying the Court that he would not attend. Doc. 28. The morning of January 21, 2016, Mr. Pirard called my chambers and spoke with my law clerk, informing her that he was not going to appear for the status conference. In spite of being advised that he had been ordered to appear in person, Mr. Pirard failed to appear.

Mr. Pirard may not unilaterally decide that the Court has no authority to order him to appear for status conferences or otherwise issue pre-trial orders as necessary to move this case forward. Under this Court's local rules, "a Magistrate Judge will be assigned as pre-trial Magistrate Judge (hereinafter "pre-trial Magistrate Judge") to preside over all non-dispositive

pretrial matters in accordance with Fed. R. Civ. P. 72(a)" in all civil cases.  D.N.M.LR-Civ. 73.1(a).  I am the pre-trial Magistrate Judge who has been assigned this case.  I therefore will be presiding over all pretrial matters in accordance with Fed. R. Civ. P. 72(a), and Mr. Pirard must comply with my orders unless and until they are overturned.

As the Tenth Circuit Court of Appeals recently reaffirmed:

> It is a basic proposition that all orders and judgment of the courts must be obeyed "however erroneous the action of the court may be," until the order "is reversed for error by orderly review, either by itself or by a higher court" and that disobedience of them is contempt of [the court's] lawful authority, to be punished." *Howat v. Kansas*, 258 U.S. 181, 189-90 (1922).  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."  *Maness v. Meyers*, 419 U.S. 449, 458 (1975).  "Persons who make private determinations of the law and refuse to obey an order generally risk . . . contempt even if the order is ultimately ruled incorrect."  *Id.*

*L'Ggrke v. Asset Plus Corp.*, No 15-5059, at p. 5 (10th Cir. Jan. 20, 2016) (unpublished).

As explained in my order filed on January 14, 2016 (Doc. 27), as the referral judge on this case I have the authority to hold status conferences and issue scheduling orders.  Mr. Pirard twice has failed to follow the orders of this Court directing him to appear.  Given this pattern of willful disregard of the Court's orders, the Court issues this order to show cause.

**IT IS THEREFORE ORDERED** that no later than noon on **<u>FRIDAY, January 29, 2016,</u>** Antoine Pirard must file a written response to this Order showing cause why he should not be ordered to pay defendants $250.00 to compensate them for the attorney's fees and costs they incurred by appearing at the January 21, 2016 status conference, at which he failed to appear.

**IT IS FURTHER ORDERED** that a hearing on this order will be held **in person** on **<u>MONDAY, February 1, 2016, at 9:00 a.m.</u>** at the Pete V. Domenici United States Courthouse, 3rd Floor Pecos Courtroom, 333 Lomas Blvd. NW, Albuquerque, New Mexico.  The Court

specifically orders Mr. Pirard to appear in person at this hearing.

**IT IS FURTHER ORDERED** that the clerk mail a copy of this order to Mr. Pirard's address of record, and that the mailing be reflected on the Court's docket sheet.

**Plaintiff Pirard is once again warned that further failure to obey the orders of this Court will result in sanctions that may include fines, the payment of attorney's fees and costs to defendants, a recommendation to the District Judge that this case be dismissed with prejudice, and a civil or criminal contempt order**.

_____
Laura Fashing
United States Magistrate Judge