IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILVIO DELL ANGELA,
TADEUSZ NIEMYISKI,
ANTOINE "TONY" PIRARD,
PRIVATE ATTORNEY GENERAL,

      Plaintiffs,

v.    Case No. 1:15-CV-01048  WJ/LF

CITY OF ALBUQUERQUE, CITY COUNCIL et. al.,
KEN SANCHEZ, REY GARDUNO, BRAD WINTER,
DIANE GIBSON, ISAAC BENTON, DON HARRIS,
TRUDY JONES and DAN LEWIS,
CITY COUNCIL DIRECTOR, JON ZAMAN,
CITY SECURITY, DARLEEN SIMMONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

THIS MATTER comes before the Court upon Plaintiff's "Writ to Remand Case No. D-202-CV-2015-07220 Back to the Second Judicial Court for Proper Trial, As Paid For," filed December 14, 2015 **(Doc. 11)**.[1]  Plaintiff (self-described as a "Private Attorney General") is proceeding pro se, and has not filed a reply to the motion.

### BACKGROUND

Plaintiff filed a complaint in the Second Judicial District Court, County of Bernalillo, on September 15, 2015, alleging that Defendants deprived him of his constitutional rights under the First Amendment to the United States Constitution after he was forcefully removed from a city council meeting in connection with his display of an upside-down American flag.  Doc. 1-1 (Complaint).  Defendants removed the case to federal court on the grounds of federal question

---

[1] Plaintiff Pirard filed the instant motion, which was not joined by the other two plaintiffs.

jurisdiction on November 17, 2015.  Plaintiff claims that this lawsuit was "illegally removed" and seeks remand because "THERE WAS NO CONSENT GIVEN, BY PRIVATE ATTORNEY GENERAL, MR. ANTOINE P. PIRARD" [sic].  Doc. 11 at 1-2.  He also contends that "codes, rules, and regulations" do not apply to him."  Doc. 11 at 2.

## DISCUSSION

Federal courts are courts of limited jurisdiction.  *U.S. ex rel. Fine v. Advanced Sciences, Inc.*, 99 F.3d 1000, 1004 (10th Cir. 1996). The "well pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

In the Notice of Removal, Defendants identified the jurisdictional basis for removal as alleged pursuant to the First Amendment and "U.S.C. §241 and 242."  Doc. 1, ¶ 19.  The Notice of Removal also indicates that all Defendants have given consent to the removal, meeting the removal requirements pursuant to 28 U.S.C. §1446.  In his motion, Plaintiff does not argue a lack of subject matter jurisdiction, or defects in removal, other than to state that he did not consent to the removal and that he is not subject to codes, rules or regulation.   However, Plaintiff's consent is not a requirement for removal, and Plaintiff does not cite to any statute or case law that says otherwise.

Because he is proceeding pro se, Plaintiff can be assured of a liberal construction of his pleadings. *See Santana v. City of Tuls*a, 359 F.3d 1241, 1243 (10th Cir. 2004) (pro se pleadings are construed liberally). However, contrary to what Plaintiff believes, his pro se status does

not—and will not—excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Thus, Plaintiff is subject to the same codes, rules and regulations that apply to any other plaintiff.

Plaintiff's state court complaint clearly asserts a basis for this Court's subject matter jurisdiction under the well-pleaded complaint rule.  Accordingly, Plaintiff's Motion to Remand (**Doc. 11**), is hereby DENIED.

**SO ORDERED**[2]

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court sees no need to address Defendants' responses to other claims included in Plaintiff's motion, such as Plaintiff's argument that he has congressional authority to act, and represent others, as a "private attorney general." Doc. 11 at 3-4.  These issues are collateral to the remand issue and do not bear on the Court's rulings.