IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILVIO DELL ANGELA,
TADEUSZ NIEMYISKI,
ANTOINE "TONY" PIRARD,
PRIVATE ATTORNEY GENERAL,

      Plaintiffs,

v.                                              Case No. 1:15-CV-01048 WJ-LF

CITY OF ALBUQUERQUE, CITY COUNCIL et. al.,
KEN SANCHEZ, REY GARDUNO, BRAD WINTER,
DIANE GIBSON, ISAAC BENTON, DON HARRIS,
TRUDY JONES and DAN LEWIS,
CITY COUNCIL DIRECTOR, JON ZAMAN,
CITY SECURITY, DARLEEN SIMMONS,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT PROCESS
AND INSUFFICIENT SERVICE OF PROCESS**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss for Insufficient Process and Insufficient Service of Process, filed November 24, 2015 (**Doc. 7**). Plaintiff Antoine "Tony" Pirard ("Plaintiff or Mr. Pirard"), describing himself as a "Private Attorney General," is proceeding pro se. Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, GRANTED.

**BACKGROUND**

Plaintiff filed a complaint in the Second Judicial District Court, County of Bernalillo, on September 15, 2015, alleging that Defendants deprived him of his constitutional rights under the First Amendment to the United States Constitution after he was forcefully removed from a city council meeting in connection with his display of an upside-down American flag. Doc. 1-1

(Complaint). On November 17, 2015, Defendants properly removed the case to federal court on the grounds of federal question jurisdiction.

Defendants move for dismissal of Plaintiffs' complaint for insufficiency of process and for insufficiency of service of process. Because the complaint was filed in state court, the rules for serving a summons and complaint in New Mexico apply, and are found in Rule 1-004 NMRA. *See Roscoe v. Schoenberger,* No. 95-2270, 1996 WL 346596, *1 (10th Cir. June 25, 1996) ("Where service of process is attempted prior to removal of an action to federal court, state law determines whether service was valid*."); see also Wallace v. Microsoft Corp*., 596 F.3d 703, 706 (10th Cir. 2010) (noting that "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal.").

## DISCUSSION

I.   **Insufficient Service and Service of Process**

   A.   Statutes Governing Service

Rule 1-004(A)(2) NMRA states that "[u]pon the filing of the complaint, the clerk shall issue a summons and deliver it to the plaintiff for service. Upon the request of the plaintiff, the clerk shall issue separate or additional summons. Any defendant may waive the issuance or service of summons." Rule 1-004(B) NMRA provides, in relevant part, that a "summons shall be signed by the clerk, issued under the seal of the court and be directed to the defendant. The summons shall be substantially in the form approved by the Supreme Court[.]"

Service by mail or commercial courier service is permitted under Rule 1-004(E)(3), according to the description therein. In addition, personal service of process is governed under Rule 1-004(F) which states:

   Personal service of process shall be made upon an individual by delivering
a copy of the summons and complaint or other process:

      (1)
      (a) to the individual personally; or if the individual refuses to accept service, by leaving process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or

      (b) by mail or commercial courier services as provided in Subparagraph (3) of Paragraph E of this rule.

      (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or

      (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(H)(1)(g) states that service upon a municipal corporation is made "by serving a copy of the process to the city clerk, town clerk or village clerk."

    B.    <u>Analysis</u>

As Defendant observes, upon review of the court docket from the Second Judicial District Court, there is no indication that the clerk of court ever issued a summons in this case for Plaintiff(s) to serve. *See* Doc 2-1. There were no returns of summonses filed with the Second Judicial District Court. *Id.* Defendants did not waive the requirement of valid service and instead have elected to challenge service because Mr. Pirard has recently filed several lawsuits against the City of Albuquerque and has failed to follow the rules of civil procedure to effectuate proper service of process. Defendants contend that this has resulted not only in an inconvenience to the City and its employees, but confusion and disruption of the City's governmental functions.

However, the Court notes that in response to Mr. Pirard's letter to the City Attorney's Office requesting the "proper addresses of each City Council member," counsel for the City offered to accept and waive service on behalf of each Defendant, and with Plaintiff's consent to withdraw the instant motion. *See* Doc. 20-2 (letter dated Dec. 18, 2015).  Defendant represents that Plaintiff never responded to Defendants to accept that offer, nor has there been any indication from the docket that Mr. Pirard has corresponded with Defendants about this issue since that time.

Although Plaintiff never filed returns of service with the Second Judicial District Court, Plaintiff did mail un-issued copies of a Summons, followed by a Summons that appears to be signed by the Clerk (and appears to be issued on Oct. 15, 2015) and then followed by copies of his "Petition for Trial for Damages and Complaint for Deprivation of Rights by City Council Members, Violation(s) of Civil Rights, and City Council Rule Violations" ("Complaint") to the following individuals: City Councilor Trudy Jones, City Councilor Diane Gibson, City Councilor Dan Lewis, City Councilor Rey Garduno, City Councilor Don Harris and City Councilor Brad Winter.  *See* Doc. 1-2.  Plaintiff addressed each of his mailings to the individual defendants to "One Civic Plaza, Suite 9087, Albuquerque, NM 87103." [Id.]

The summonses sent by Mr. Pirard to these individuals were not signed for and did not include copies of the Complaint, as required by Rule 1-004(C).  Moreover, Plaintiff made no apparent effort to serve each of the individuals named as defendants personally, which is required by Rule 1-004(F). Additionally, Defendants are unaware of any attempts by Plaintiff to serve the following named Defendants: City of Albuquerque, the named "City Council, et al.,"

4

City Council Director Jon Zaman and City Security Darleen Sammons.[1] No one signed for any of the pleadings mailed by Mr. Pirard and no one acknowledged their receipt.

In his response, Plaintiff does not even attempt to explain how or whether Defendants were allegedly properly served, except to state that "ALL PROCESS, AND SERVICE OF PROCESS' WAS DONE CORRECTLY AS PER INSTRUCTIONS OF THE SECOND JUDICIAL DISTRICT COURT CLERK, AND THIRD PARTY DID PROPER MAILING." Doc. 15 at 2. He claim that the "clerks instructions" [sic] at the Second Judicial District Court "provide for many different methods of "Service. . ." which he followed. Doc. 15 at 4-5. However, he fails to present any evidence of what these instructions were which he followed, or any other material that would show that sufficient and proper service was made.

As Defendants note, the purpose of having procedural rules governing service is so that the person receiving the paperwork is adequately apprised of what it pertains to and therefore, the rules governing service should be followed to the letter. Plaintiff's insouciant approach to service does not achieve this purpose. Plaintiff's pro se status does not excuse Plaintiff's obligation to comply with the rules of this Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigant not excused from obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure). Thus, Mr. Pirard is afforded no leeway here, and is expected to fulfill the requirements for service on Defendants to the letter. For this reason, Defendants' motion shall be granted.

## II.     Unauthorized Practice of Law

---

[1] Defendants refer to the City Council as a "non-suable entity," which appears to be an accurate statement, at least in the context of a lawsuit alleging civil rights violations. *See Stump v. Gates,* 777 F.Supp. 808, 816 (D.Colo. 1991) (local governmental departments generally are not considered "persons" under §1983); *see also* NMSA §3-18-1 (vesting municipality with general powers and corporate powers, not local entities).

The Court next addresses a matter that appears to be a theme throughout the motions filed by Mr. Pirard, who is proceeding pro se and describes himself as a "Private Attorney General."[2] Plaintiff claims to have "congressional authority" to act as, and represent others as, a "private attorney general." Doc. 11 at 3-4.  As support for this proposition, Plaintiff cites to *Associated Indus. of New York State v. Ickes*, 134 F.2d 694 (2d Cir.), vacated on other grds., 320 U.S. 707 (1943) which states that:

> Congress can constitutionally enact a statute conferring on any non-official person, or on a designated group of non-official persons, authority to bring a suit to prevent action by an officer in violation of his statutory powers; for then, in like manner, there is an actual controversy, and there is nothing constitutionally prohibiting Congress from empowering any person, official or not, to institute a proceeding involving such a controversy, even if the sole purpose is to vindicate the public interest. Such persons, so authorized, are, so to speak, private Attorney Generals.

134 F.2d at 704, *see* Doc. 11 at 3.  Mr. Pirard has not, however, identified any statute that Congress has indeed enacted conferring on *him* the authority to bring the present suit.[3] Therefore, the Court finds no basis to consider Mr. Pirard as anything other than a pro se litigant.

On a related and rather serious matter, Mr. Pirard also claims to be representing Mr. Dell Angela and Mr. Niemyjski, the other two plaintiffs in this case, and has filed motions on behalf of these two individuals.  *See, e.g.,* Docs. 15 and 22.  However, Plaintiff has not cited to any case law or statute that would allow for one private citizen to represent another.  *Id*. Defendants take no issue with Plaintiff's right to act on his own behalf and represent  himself, but they are correct that doing so does not make him a lawyer or give him the right to practice law to the extent he can represent others.  Plaintiff does not cite to any specific provision within any specific statute

---

[2]  Defendants do not discuss this issue in the instant motion, but did raise it in a previous pleading.  *See* Doc. 16 at 6. Although he had the opportunity to do so, Plaintiff filed no response to that issue.

[3]  Mr. Pirard apparently takes his "private attorney general" duties seriously. In a letter to the City Attorney's Office, he objected to the assumption that he was a "pro se" plaintiff, and complained that the City Attorney's Office showed a "disrespectful attitude" about his "Authority as a Private Attorney General. . . ."  Doc. 20-1.

that would authorize him to represent other parties, and there appears to be ample grounds to find that Mr. Pirard is practicing law in violation of NMSA 1978, § 36-2-27, which prohibits the practice of law in this state "unless he has been granted a certificate of admission to the bar." Mr. Pirard has submitted no papers or documents which would indicate he has attended law school, has been admitted to the bar, or retains any other indicia that he is authorized to legally represent other individuals. *See also State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 1973-NMSC-087, ¶ 20, 85 N.M. 521, 514 P.2d 40 (The "indicia of the practice of law, . . . including the following: (1) representation of parties before judicial or administrative bodies, (2) preparation of pleadings and other papers incident to actions and special proceedings, (3) management of such action and proceeding, and non-court related activities such as (4) giving legal advice and counsel, (5) rendering a service that requires the use of legal knowledge or skill, (6) preparing instruments and contracts by which legal rights are secured.").

To make matters worse, Plaintiff disclaims that he is passing himself "off as an Attorney," *see* Doc. 11 at. 3, yet at the same time requests that this Court grant him "Fair Market Value" for 27 hours of "Attorney Fees" at $350.00 an hour. Doc. 11 at 4.

The Court will give Mr. Pirard the benefit of the doubt at this point and find that he has misapprehended the law on the appointment of "private attorney generals" and the requirements for the practice of law. For now, the Court finds that Mr. Pirard's self-appointment as a "Private Attorney General" and as legal counsel for the other two plaintiffs in this case is unrecognized by this Court, and Mr. Pirard is hereby barred from representing the interests of Mr. Niemyjski and Mr. Dell Angela, or any other individual. Because the Court's ruling on this motion results in a dismissal of Plaintiffs' lawsuit without prejudice, and renders moot the other motions that are pending, no further action at this time is contemplated by the Court. However, should Mr. Pirard

resurface as either a "Private Attorney General" or resume an unauthorized practice of law, the Court will consider more serious deterrents.[4]

## CONCLUSION

In sum, this Court finds and concludes that Plaintiff has failed to rebut Defendants' showing that they were not properly served in this matter, and that Defendants' motion to dismiss is granted as a result.

The Court also finds and concludes that Mr. Pirard has presented no legal basis to appoint himself as a "Private Attorney General," nor has he presented any indicia to show that he is authorized to practice law in this state. His filing of motions which purport to be on behalf of the other two plaintiffs constitutes an unauthorized practice of law, and Plaintiff is hereby barred from continuing to do so. Should Mr. Pirard continue this practice at a later time or in a later case before this Court, the Court will consider more serious sanctions.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Insufficient Process and Insufficient Service of Process (**Doc. 7**) is hereby GRANTED in that this action is DISMISSED for failure to effect proper service and sufficient service of process;

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Complaint as to Plaintiffs Silvio, Dell Angela and Niemyjski, filed November 24,2015 (**Doc. 6**) is hereby DENIED AS MOOT;

**IT IS FURTHER ORDERED** that Plaintiffs' "Private Attorney Generals Writ for Court Ordered "Change of Venue" to Santa Fe, and the United States District Court for Proper Jury Trial," filed December31, 2015 (**Doc. 22**) is hereby DENIED AS MOOT;

---

[4] NMSA §36-2-27 provides that "all persons" violating its provisions "shall be deemed guilty of contempt of the court in which the violation occurred, as well as of the supreme court of the state." In addition, 17B-001 et seq. NMRA addresses the unauthorized practice of law in New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing and to Set Court Date for Proper Jury Trial, filed February 1, 2016 **(Doc. 37)** is hereby DENIED AS MOOT;

**IT IS FINALLY ORDERED** that the Clerk of Court is hereby directed to electronically mail a copy of this Memorandum Opinion and Order to the Counsel for the New Mexico Disciplinary Board.

A Rule 58 Judgment shall be entered separately.

_____
UNITED STATES DISTRICT JUDGE